IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BATTERY CONSERVATION INNOVATIONS, LLC | § § § § | |
| Plaintiff, | § | Case No: |
| vs. | § § § | |
| RAZOR USA LLC, | § | JURY TRIAL DEMANDED |
| Defendant. | § § § | |

# COMPLAINT

Plaintiff Battery Conservation Innovations, Inc. ("Plaintiff" or "BCI") files this complaint against Defendant Razor USA LLC ("Defendant" or "Razor") for infringement of U.S. Patent No. 9,239,158 (hereinafter the "`158 Patent") and alleges as follows:

## PARTIES

1. Plaintiff is a Texas limited liability company with an office address of 1801 NE 123rd Street, Suite 314, North Miami, Florida 33181.

2. Defendant is a Delaware limited liability company with its principal office at 12723 166th St., Cerritos, CA 90703. On information and belief, Defendant may be served through its agent, The Corporation Trust Company, at 1209 Orange St., Wilmington, DE 19801.

## JURISDICTION AND VENUE

3. This action arises under the patent laws of the United States, 35 U.S.C. § 271 et seq. Plaintiff is seeking damages, as well as attorney fees and costs.

4. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 (Federal Question) and 1338(a) (Patents).

5. On information and belief, this Court has personal jurisdiction over Defendant because Defendant has committed, and continues to commit, acts of infringement in this District, has conducted business in this District, and/or has engaged in continuous and systematic activities in this District.

6. Upon information and belief, Defendant's instrumentalities that are alleged herein to infringe were and continue to be used, imported, offered for sale, and/or sold in the District.

7. Venue is proper in this District under 28 U.S.C. §1400(b) because Defendant is deemed to be a resident in this District.

## BACKGROUND

8. On January 19, 2016, the United States Patent and Trademark Office ("USPTO") duly and legally issued the `158 Patent, entitled "Battery-Conserving Flashlight And Method Thereof." The '158 Patent is attached as Exhibit A.

9. Plaintiff is currently the owner of the `158 Patent.

10. Plaintiff possesses all rights of recovery under the `158 Patent, including the exclusive right to recover for past, present and future infringement.

## COUNT ONE
### (Infringement of United States Patent No. 9,239,158)

11. Plaintiff refers to and incorporates the allegations in Paragraphs 1 - 10, the same as if set forth herein.

12. This cause of action arises under the patent laws of the United States and, in particular under 35 U.S.C. §§ 271, *et seq*.

13. Defendant has knowledge of its infringement of the `158 Patent, at least as of the service of the present complaint.

14. Upon information and belief, Defendant has infringed and continues to infringe one or more claims, including at least Claim 15, of the '158 Patent by making, using, importing, selling, and/or offering for sale battery conserving electronic devices covered by one or more claims of the '158 Patent.

15. Accordingly, Defendant has infringed, and continues to infringe, the `158 Patent in violation of 35 U.S.C. § 271.

16. Defendant sells, offers to sell, and/or uses battery conserving electronic devices, including, without limitation, the Hovertrax 2.0 personal mobility device, and any similar products ("Product"), which infringe at least Claim 15 of the '158 Patent.

17. The Product is a battery-conserving electronic device (e.g., a flashlight or small battery-operated portable electric light). Certain aspects of this element are illustrated in the screenshot(s) below and/or in those provided in connection with other allegations herein.



https://www.razor.com/products/hoverboards/hovertrax-2-0/

NOTE: If Hovertrax 2.0 is left on for more than <u>5 minutes</u>, it will automatically turn off and beep.

https://www.razorhovertrax.com.au/pub/static/frontend/Infortis/hovertrax/en_AU/hovertraxManual.pdf

18.     The Product includes a body with an opening for accessing an interior of the body. Certain aspects of these elements are illustrated in the screenshots below and/or in screenshots provided in connection with other allegations herein.



https://www.razorhovertrax.com.au/pub/static/frontend/Infortis/hovertrax/en_AU/hovertraxManual.pdf

19.     The Product has at least one battery disposed in the body and configured for powering the device. Certain aspects of these elements are illustrated in the screenshots below and/or in screenshots provided in connection with other allegations herein.

> Your Hovertrax 2.0 comes with a built-in Li (NiCoMn)O2 battery pack. Your Hovertrax 2.0 may not have a fully charged battery; therefore you must charge the battery prior to use. Be sure to charge the battery in a clean, dry location away from direct sunlight, flames or sparks.

https://www.razorhovertrax.com.au/pub/static/frontend/Infortis/hovertrax/en_AU/hovertraxManual.pdf

> With its powerful, 36-volt lithium-ion battery pack made with authentic LG, the Hovertrax gives you up to one hour of blissful, supercharged riding while meeting UL 2272 safety standards.

https://www.razor.com/products/hoverboards/hovertrax-2-0/

20. The Product includes a controller (i.e. PC board) disposed in the body configured to determine if the body is in motion (i.e. gyroscope coupled to the controller). Certain aspects of these elements are illustrated in the screenshots below and/or in screenshots provided in connection with other allegations herein.





Different? Well, yes, the Hovertrax 2.0 is "different." It is an electrically motorized, computerized, gyroscopically-balance-assisted, independently articulated, dual-platform two-wheeled personal mobility system. If that sounds unlike any bicycle, scooter, RipStik, roller skate or water ski you have ever used, you're on the right track.

https://www.razorhovertrax.com.au/pub/static/frontend/Infortis/hovertrax/en_AU/hovertraxManual.pdf

21. The Product has a controller (i.e. PC board) disposed in the body configured to determine if the body is in motion (i.e. gyroscope coupled to the controller), wherein if the body is not in motion for a first predetermined period of time (i.e. 5 minutes), the controller decouples at least one battery from the electronic device to conserve energy in the at least one battery. Certain aspects of these elements are illustrated in the screenshots below and/or in screenshots provided in connection with other allegations herein.





22. The Product has a visual indicator (i.e. indicator lights) disposed on an exterior surface of the body, wherein the controller activates the visual indicator. Certain aspects of these elements are illustrated in the screenshots below and/or in screenshots provided in connection with other allegations herein.



https://www.razor.com/products/hoverboards/hovertrax-2-0/

23. Defendant's actions complained of herein will continue unless Defendant is enjoined by this Court.

24. Defendant's actions complained of herein is causing irreparable harm and monetary damage to Plaintiff and will continue to do so unless and until Defendant is enjoined and restrained by this Court.

25. Upon information and belief, Defendant has induced, and continues to induce infringement of the `158 Patent through its customers' actions, at least as of the service of the present complaint.

26. The `158 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

27. By engaging in the conduct described herein, Defendant has injured Plaintiff and is thus liable for infringement of the `158 Patent, pursuant to 35 U.S.C. § 271.

28. Defendant has committed these acts of literal infringement, or infringement under the doctrine of equivalents of the `158 Patent, without license or authorization.

29. As a result of Defendant's infringement of the `158 Patent, Plaintiff has suffered monetary damages and is entitled to a monetary judgment in an amount adequate to compensate for Defendant's past infringement, together with interests and costs.

30. Plaintiff is in compliance with 35 U.S.C. § 287.

31. As such, Plaintiff is entitled to compensation for any continuing and/or future infringement of the `158 Patent up until the date that Defendant ceases its infringing activities.

## DEMAND FOR JURY TRIAL

32. Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff asks the Court to:

(a) Enter judgment for Plaintiff on this Complaint on all cases of action asserted herein;

(b) Enter an Order enjoining Defendant, its agents, officers, servants, employees, attorneys, and all persons in active concert or participation with Defendant who receives notice of the order from further infringement of United States Patent No. 9,239,158 (or, in the alternative, awarding Plaintiff running royalty from the time judgment going forward);

(c) Award Plaintiff damages resulting from Defendant's infringement in accordance with 35 U.S.C. § 284;

(d) Award Plaintiff such further relief to which the Court finds Plaintiff entitled under law or equity.

| | |
|---|---|
| DATED May 6, 2019 | Respectfully submitted, |
| | */s/ Stamatios Stamoulis* |
| | **STAMATIOS STAMOULIS (#4606)** |
| | **STAMOULIS & WEINBLATT LLC** |
| | 800 N. West Street Third Floor |
| | Wilmington, DE 19801 |
| | (302) 999-1540 |
| | stamoulis@swdelaw.com |
| | |
| | **ATTORNEYS FOR PLAINTIFF** |